UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
EDGAR TATUM                     :
                                :            PRISONER
     v.                         :   Case No. 3:12cv1193 (WWE)
                                :
PETER J. MURPHY                 :
```

**RULING ON RESPONDENT'S MOTION TO DISMISS [Doc. #16]**

Petitioner Edgar Tatum ("Tatum"), currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, commenced this action for writ of habeas corpus pro se pursuant to 28 U.S.C. § 2254.  He challenges his Connecticut conviction for murder.  The respondent has filed a motion to dismiss the petition as untimely filed.  For the reasons that follow, the respondent's motion to dismiss will be granted.

I.   Procedural Background

Following a jury trial, Tatum was convicted of murder and sentenced to a term of imprisonment of sixty years.  On July 30, 1991, the Connecticut Supreme Court affirmed Tatum's conviction. See State v. Tatum, 219 Conn. 721, 595 A.2d 322 (1991).  Tatum then sought review of his sentence.  The sentence was affirmed on October 26, 1993.  See State v. Tatum, No. CR89-161659, 1993 WL 499105 (Conn. Super. Ct. Oct. 26, 1993).

Tatum filed his first state habeas action on August 20,

1991.  The state court dismissed the petition after a trial.  See Tatum v. Warden, No. CV91-0001263-S, 1999 WL 130324 (Conn. Super. Ct. Mar. 3, 1999).  The dismissal was upheld on appeal.  See Tatum v. Commissioner of Correction, 66 Conn. App. 61, 783 A.2d 1151, cert. denied, 258 Conn. 937, 785 A.2d 232 (2001).

In November 1992, Tatum filed a petition for new trial.  The court granted the state's motion to strike the petition.  See Tatum v. State, No. 112504, 1994 WL 51060 (Conn. Super. Ct. Feb. 3, 1994).  Tatum did not appeal the judgment.

In 2000, while the first state habeas action was pending, Tatum filed a second state habeas action.  On September 3, 2001, the state court dismissed the petition without prejudice.  See Tatum v. Commissioner of Correction, No. CV00-0440732-S (Conn. Super. Ct. Sept. 3, 2002), Resp't's App. H at 21-22.

On August 18, 2003, Tatum filed a third state habeas action.  Following a trial on the merits, the state court denied the petition.  See Tatum v. Warden, No. CV03-0004175-S (Conn. Super. Ct. Mar. 23, 2010)(Resp't's App. E).  The Connecticut Appellate Court dismissed the appeal and, on June 6, 2012, the Connecticut Supreme Court denied certification.  See Tatum v. Commissioner of Correction, 135 Conn. App. 901, 40 A.3d 824, cert. denied, 305 Conn. 912, 45 A.3d 98 (2012).

II.  Standard

In 1996, the federal habeas corpus statutes were amended to

impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court.  See 28 U.S.C. § 2244(d)(1) (2000). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending.  See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

The petitioner can overcome the time bar by demonstrating that the limitations period should be equitably tolled. Equitable tolling, however, applies in habeas cases only in extraordinary and rare circumstances.  The petitioner would have to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.), cert. denied sub nom. Diaz v. Conway, 129 S. Ct. 168 (2008).  The threshold for a petitioner to establish equitable tolling is very high.  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), cert. denied, 531 U.S. 840 (2000).

II.  Discussion

Tatum's conviction became final on October 28, 1991, at the

3

conclusion of the time within which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See Williams, 237 F.3d at 151.  However, as the one-year limitations period was not imposed until April 24, 1996, the Second Circuit afforded prisoners like Tatum one year from that date to file a federal habeas petition.  See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).

Tatum filed his first state habeas action prior to the commencement of the limitations period.  As he filed the second state habeas petition before the first was concluded, the limitations period remained tolled through the conclusion of the second state habeas action.  The state court dismissed the second habeas petition on September 3, 2002.  The petitioner had twenty days to file an appeal.  See Conn. Practice Book § 63-1(a).  He did not do so.  Thus, the limitations period commenced on September 24, 2002, the day following the last day upon which he could have filed a notice of appeal of the denial of the second state habeas action.  See 28 U.S.C. § 2244(d)(1)(A) (the limitations period commenced at the conclusion of direct review or the time for seeking direct review).  The limitations period was tolled again 329 days later, on August 18, 2003, when the petitioner filed his third state habeas petition.

The Connecticut Supreme Court denied certification on the third state habeas petition on June 6, 2012.  The limitations

period began to run again the following day and expired thirty-six days later, on July 12, 2012.  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one year statute of limitations begins to run").

Under the prison mailbox rule, a prisoner's petition is considered filed on the day he gives the petition to correctional staff to be mailed to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993).  Tatum signed his federal petition on August 8, 2012.  Thus, the earliest date upon which he could have mailed the petition is August 8, 2012, twenty-seven days too late.  This petition, therefore, is untimely.  See, e.g., Ferguson v. Mantello, No. 00 Civ. 2098(SAS), 2000 WL 1721140, at *2, n.2 (S.D.N.Y. Nov. 16, 2000) (dismissing petition as untimely filed and noting that petitioner had twenty-six days during which he could have filed a "bare bones" petition and later sought leave to amend).

To render the petition timely, Tatum would have to show that the limitations period should be equitably tolled for those twenty-seven days.  Tatum was provided notice that the respondent's motion to dismiss could be granted if he failed to respond and of the contents of a proper response.  See Doc. #18.

In addition, Tatum is aware of the doctrine of equitable tolling. See Doc. #4 (requiring petitioner to show cause why petition should not be dismissed as untimely filed and informing petitioner of doctrine of equitable tolling). Despite the notice, Tatum has not responded to the motion to dismiss.

Tatum also was aware of the limitations period for filing a federal habeas action. He had asked one of his lawyers about the limitations period and was told, in November 2002, that the attorney was unsure about when the limitations period would expire. The attorney advised Tatum to contact an attorney who specialized in federal habeas actions. See Doc. #8 at 43. Absent presentation of facts warranting equitable tolling, the court concludes that the petition is untimely filed.

IV. Conclusion

The respondent's motion to dismiss [**Doc. #16**] is **GRANTED**. The court concludes that an appeal of this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**So ordered** this 5th day of November 2013, at Bridgeport, Connecticut.

                                       /s/
                               Warren W. Eginton
                               Senior United States District Judge